```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

------------------------------------x
ANTECH DIAGNOSTICS, INC.            :
                                    :
            Plaintiff,              :    Civil No. 16cv481(AWT)
                                    :
                                    :
v.                                  :
                                    :
VETERINARY ONCOLOGY and HEMATOLOGY  :
CENTER, LLC, et al.,                :
                                    :
            Defendants.             :
------------------------------------x

## ORDER RE MOTION FOR RECONSIDERATION

For the reasons set forth below, Antech Diagnostics, Inc.'s Motion for Reconsideration (Doc. No. 131) is hereby DENIED.

"The standard for granting [a motion for reconsideration] is strict . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013)(quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been

made." SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (citation and quotation marks omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." Id. at 91-92. In addition, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). See also Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115-16 (2d Cir. 2001) (noting that arguments raised for the first time on a motion for reconsideration may be rejected as untimely).

As a threshold matter, Antech Diagnostics, Inc.'s ("Antech") motion for reconsideration should be denied because it has not identified controlling decisions or data the court overlooked in its ruling. Not only were the three opinions on which Antech relies in its motion for reconsideration not presented to the court in connection with the defendants' motion for partial judgment on the pleadings, but they are not controlling decisions.

Moreover, these three decisions do not support Antech's position. Antech does not even contend that the contract provisions in VCA Clinipath Labs, Inc. v. Progressive Pet Animal Hosp., P.C., 2:11-cv-12237-AC-MKM, 2013 WL 6152409 (E.D. Mich. Nov. 22, 2013), and Antech Diagnostics, Inc. v. Downers Grove Animal Hosp. & Bird Clinic, P.C., No. 12C2736, 2013 WL 773034

(N.D. Ill. Feb. 28, 2013) are comparable to Section 5 of the contract at issue here.  Also, the opinion in <u>VCA Cenvet, Inc. v. Winchester Veterinary Grp., Inc.</u>, No. 11-12123-DPW, (D. Mass. Aug. 31, 2015) appears to support the analysis in the court's ruling on the defendants' motion for partial judgment on the pleadings.  At page 23 of that opinion, which addresses liquidated damages, the court states:

> The language of Section 5 provides Antech the option whether <u>or</u> <u>not</u> to seek damages <u>separate</u> <u>from</u> the termination fee schedule of Section 5.  In particular, I note the language that "Antech *may* Terminate this Agreement" if Winchester is in material breach and the language that the fee schedule applies "*[i]f Antech elects* to Terminate this Agreement."

<u>Id.</u> slip op. at 23 (underlined emphasis added).

Finally, the court notes that during the telephonic status conference, it did not mention the fact that the last sentence in Section 6 of the Agreement is an integration clause, which provides, "This Agreement constitutes the entire understanding and agreement of the parties hereto relating to the subject matter hereof."  The "subject matter hereof" includes what happens "[i]f Antech elects to Terminate this Agreement" in accordance with Section 5.  As the court noted during the telephonic status conference, the "subject matter hereof" does not include what happens if Antech chooses to pursue a remedy other than electing to terminate the Agreement pursuant to Section 5.

It is so ordered.

Signed this 16th day of May, 2017, at Hartford, Connecticut.


                                              /s/ AWT
                                      Alvin W. Thompson
                                      United States District Judge